CRICHTON, J.,
additionally concurs and assigns reasons:
|,I agree with this Court’s denial of the writ application by the State of Louisiana and write separately to highlight the district court’s excellent analysis of this post-conviction matter and thorough reasons for judgment. See May 19, 2016 Judgment, State v. Carter, (No. 2012-CR-14) (attached hereto). As recognized by Judge Mary Becnel, the right to counsel is funda *1163 mental and constitutional; it assigns fairness and legitimacy to our adversarial process. But in this case, Judge Becnel found that the defendant showed a reasonable probability that counsel’s errors upset that adversarial balance between prosecution and defense, causing the verdict to be unreliable.
This Court receives many collateral actions alleging ineffective assistance of counsel. For the Court—these are serious; and for the counsel involved—these are embarrassing. After a thorough review of these claims, most are denied. However, in my view, this case presents a near textbook example of a valid claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2062, 80 L.Ed.2d 674 (1984) because the defendant established that (1) counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel’s inadequate performance prejudiced him to such an extent the trial was rendered unfair and the verdict suspect. Because of the deficient ^representation by counsel, I cannot trust the validity of the jury’s verdict. And, in my view, the defendant is entitled to a new trial.
[{¡Attachment
*1164 [[Image here]]
*1165 [[Image here]]
*1166 [[Image here]]
*1167 [[Image here]]
*1168 [[Image here]]